# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| LORALIE NOLET, Individually and on Behalf of All Others Similarly Situated, | Case No.: 17-cv-1399 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| MERCANTILE ADJUSTMENT BUREAU, LLC, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Loralie Nolet ("Plaintiff") is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff, debts allegedly incurred for personal, family, or household purposes.

5. Defendant Mercantile Adjustment Bureau, LLC ("Mercantile") is a foreign limited liability corporation with its principal offices located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221.

6. Mercantile is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Mercantile is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Mercantile is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about December 15, 2016, Mercantile mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

9. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. Upon information and belief, <u>Exhibit A</u> was the first debt collection letter Defendant mailed to Plaintiff.

11. <u>Exhibit A</u> identifies the "Current Creditor" as "Capital One, N.A."

12. <u>Exhibit A</u> also identifies the "Original Creditor" as "Kohl's Department Stores, Inc." ("Kohl's").

13. The statement that Kohl's was the "Original Creditor" was actually false and misleading.

14. The unsophisticated consumer understands the term "original creditor" to mean the creditor when the account was opened. When a different entity is described as the "current creditor," the unsophisticated consumer believes that the original creditor has sold the account to a third party.

15. Plaintiff's counsel has determined through research that Capital One issues and is the holder of Kohl's store credit accounts.

2

16. Capital One took over ownership of Kohl's credit accounts from Chase in 2011. *See* https://www.washingtonpost.com/business/capitalbusiness/capital-one-wins-deal-to-back-kohls-credit-cards/2011/04/07/AFdmSlFD_story.html?utm_term=.c62c4e6e9cc2.

17. Since Kohl's credit cards became a private label, bank-issued card, prior to 2011 (i.e. at a minimum, before Chase began issuing Kohl's credit accounts), Kohl's has had no involvement in holding or servicing Kohl's-branded credit accounts.

18. Furthermore, Exhibit A states "KOHL'S DEPARTMENT STORES, INC. has asked our assistance in working with you to resolve this delinquency proper to it becoming more seriously past-due."

19. Kohl's Department Store ("Kohl's) and Capital One are two distinct business entities.

20. Exhibit A states that the creditor is Capital One. Exhibit A also states that Kohl's placed the debt with Mercantile for collection. However, upon information and belief, Capital One is the current creditor, not Kohl's.

21. Mercantile's misrepresentation is a material false, misleading, or confusing statement.

22. The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (2) the name of the creditor to whom the debt is owed;

15 U.S.C. § 1692g(a)(2).

3

23. To satisfy § 1692g(a)(2), a debt collector may provide "the name under which [the creditor] usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420-WEC, 2007 U.S. Dist. LEXIS 22549 at *22 (E.D. Wis. Mar. 27, 2007).

24. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 2016 U.S. App. LEXIS 6361 *15-16 (7th Cir. Apr. 7, 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

25. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10), Defendants' omission is a material violation of the FDCPA.

26. Misrepresentation of the creditor's identity is a misrepresentation of the character and legal status of the debt. 15 U.S.C. § 1692e(2)(a).

27. Mercantile's misrepresentation is also a "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. § 1692e(10).

28. The statement is material because the unsophisticated consumer could mistakenly believe that Kohl's was the current creditor and could mistakenly attempt to contact Kohl's with questions or make payments to the wrong business entity.

29. If a consumer sent a check to Kohl's, the payment would not satisfy the alleged debt owed to the correct creditor, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

30. In addition, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does

4

not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

31. <u>Exhibit A</u> is false and misleading as to the identity of the current creditor. At one point, the letter indicates Kohl's is no longer the owner of the account on which Mercantile is attempting to collect. Elsewhere, the letter indicates Kohl's is the current owner of the account.

32. A debt collector cannot make confusing representations about the identity of the creditor in a collection letter.

33. Plaintiff was confused by <u>Exhibit A</u>.

34. The unsophisticated consumer would be confused by <u>Exhibit A</u>.

35. Plaintiff had to spend time and money investigating <u>Exhibit A</u>, and the consequences of any potential responses to <u>Exhibit A</u>.

36. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A</u>.

37. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. 15 U.S.C. § 1692e(2)(a) specifically prohibits: "The false representation of—the character, amount, or legal status of any debt."

39. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

40. 15 U.S.C. § 1692g(a)(2) requires the debt collector to provide written notice containing "the name of the creditor to whom the debt is owed;"

41. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

42. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

6

## COUNT I – FDCPA

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44. The language in Exhibit A is false, misleading and confusing to the unsophisticated consumer, in that the letter misleads the consumer as to the identity of the current creditor.

45. Defendant's contradictory representations as to the name of the creditor are a false representation or deceptive means to collect or attempt to collect any debt.

46. Defendant's contradictory representations as to the name of the creditor are a false and misleading statement of the character and legal status of the alleged debt.

47. Defendant's contradictory representations as to the name of the creditor fail to give effective notice as to the name of the creditor to whom the debt is owed.

48. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692g, and 1692g(a)(2).

## CLASS ALLEGATIONS

49. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a debt collection letter (c) providing contradictory representations as to the current creditor (d) seeking to collect a debt for personal, family or household purposes, (e) between October 12, 2016 and October 12, 2017, inclusive, (f) that was not returned by the postal service.

50. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

51. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e.

52. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

53. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

54. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

55. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 12, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110

(414) 482-8000  
(414) 482-8001 (fax)  
jblythin@ademilaw.com  
meldridge@ademilaw.com  
jfruchter@ademilaw.com  
bslatky@ademilaw.com